OPINION

DARELL R. MATLOCK, JR., Justice.
Petitioner/Appellant, Jennie Mae Smith, was terminated from her employment with Wilma P. Mankiller Health Center on the 17th day of March, 2000. The Petitioner/Appellant filed her appeal with the Employee Appeals Board in Case Emp. Ad. *33 Appeal No. 00-005 pursuant to 51 CNCA Section 1014. The Hearing Officer, C. Bart Fite, entered his order affirming the Petitioner/Appellant’s termination of employment on May 18, 2000, and on June 12, 2000 entered his order' denying Petitioner/Appellant’s Motion for rehearing. The Petitioner/Appellant’s has perfected her appeal from these orders pursuant to 51 CNCA Section 1025.

FACTS

On March 17, 2000, the Petitioner/Appellant, Jennie Mae Smith, was terminated from her employment with Wilma P. Mankiller Health Center which employment had been in excess of one year prior to March 17, 2000.
The primary job assignments of Petitioner/Appellant was that of a driver and operator of a van transporting patients (many who were incapacitated) to and from medical providers. That the safety of the patients was an integral part of the Petitioner/Appellant’s job assignments.
Prior to September 20, 1999, the Petitioner/Appellant had received training and counseling concerning the strict adherence to the rules set forth in the Human Resources, Policies and Procedures, Chapter III, Section 0, Safety and Health Policy.
On September 14, 1999, the Petitioner/Appellant was preparing to transport an incapacitated patient, a pre-natal patient and her minor child without the benefit of seat belt use and a proper child seat. She received immediate counseling at the time and on September 20, 1999 via a progressive discipline action form describing her misconduct.
On October 25, 1999, the Petitioner/Appellant left an incapacitated patient alone, strapped in a GSA vehicle while the motor remained running for approximately 20 minutes. The vehicle became hot and the patient had to summon a passerby to tune the engine off and roll down a window. The patient became ill on the evening of October 25, 1999. On November 2, 1999, the Petitioner/Appellant was suspended for 3 days without pay via the progressive discipline process and received additional counseling concerning her conduct.
On February 22, 2000, the Petitioner/Appellant failed to secure an incapacitated patient in her wheel chair before transporting her in a van and the incapacitated patient fell out of the wheel chair onto the floor of the van. A police officer had to assist the Petitioner/Appellant in returning the incapacitated patient to her wheel chair. On March 7, 2000 the Petitioner/Appellant was terminated from her employment via the progressive discipline process.
The Petitioner/Appellant did not deny the occurrence of any of these incidents, but, only offered excuses for her inappropriate and unsafe conduct.
Based upon these facts the Hearing Officer affirmed the Petitioner/Appellant’s termination.
The Petitioner/Appellant sets forth two issues concerning the termination of her employment by the Cherokee Nation: 1) Petitioner/Appellant’s termination was without just cause, and, 2) the Cherokee Nation failed to follow the set policies and procedures of the Cherokee Nation Human Resources Department. This Court finds on the first issue that the termination was with just cause. The Petitioner/Appellant’s conduct in the course of her employment clearly violated the policy set forth in the Human Resources Policies, Chapter III, Section 0, Safety and Health policy stating, “that accident prevention shall be an essential part of all departmental activities”. The second issue as to whether of not the Cherokee Nation *34 followed the set policies and procedures of the Cherokee Nation Human Resources Department of the Court finds that the Cherokee Nation did follow the progressive discipline process set forth in the Human Resources Policies Chapter III E(8) which required counseling for the first violation, a 3 day suspension for the second violation and dismissal for the third violation.
There is no evidence in the record that the Cherokee Nation Human Resources Department failed to follow the procedures outlined in the Human Resources Policies and Procedures. The Hearing Officer of the Employee Appeals Board was liberal in his interpretation of the procedural rules concerning the filing of Petitioner/Appellant’s appeal and afforded her every opportunity to present her appeal. The Petitioner/Appellant’s offerings contained in her Motion to Reconsider filed June 2, 2000, failed to entitle her to rehearing, reopening or reconsideration of the Employee Appeals Board initial decision pursuant to 51 CNCA Section 1024(A). Finding no error warranting reversal or modification, the orders of the Employee Appeals Board are affirmed.